Emilie J. Heine v. Commissioner.
Heine v. Commissioner
Docket No. 3639.
United States Tax Court
1945 Tax Ct. Memo LEXIS 180; 4 T.C.M. (CCH) 561; T.C.M. (RIA) 45188; May 31, 1945
C. Chester Guy, Esq., for the petitioner. Cecil H. Haas, Inc., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: This controversy involves income tax deficiencies for the calendar years 1938, 1940 and 1941 in the respective amounts of $123.12, $4,622.95 and $6,051.59. The sole issue is whether the income of a trust created by petitioner is taxable to her under *181 sections 166, 167 or 22 (a) of the Revenue Act of 1938 and the Internal Revenue Code. [The Facts] The facts are found as stipulated. Briefly summarized they are that petitioner is an individual residing at Cincinnati, Ohio. Her Federal income tax returns for the taxable years were filed with the collector of internal revenue for the first district of Ohio at Cincinnati, Ohio. On May 28, 1932, petitioner transferred to the Lincoln National Bank of Cincinnati, Ohio, as trustee, certain securities for the uses and purposes therein set forth. Inter alia, the trust agreement contained the following material provisions: "3. The Trustee shall collect all of the income and profits from the trust estate, and from said income shall pay all taxes, charges and expenses necessary and incident to the administration of the trust, including compensation to itself in a sum not in excess of three (3%) per cent of the gross income, and one (.1%) per cent of the principal on final distribution, as hereinafter provided. After paying the said taxes, charges and expenses, including the compensation to itself, the Trustee shall use the net income from the trust estate as follows: "(a) In the *182 event that it is necessary to use any of the said net income for the support and maintenance of the Grantor during Grantor's lifetime, then the Trustee shall use all or such part of said net income as shall be necessary for Grantor's support or maintenance, either by paying the same to the Grantor or by making such payments for Grantor's use and benefit, in monthly, quarterly, or such other instalments as will most conveniently satisfy Grantor's requirements. "(b) All of the net income not used for the support and maintenance of the Grantor shall be invested by the Trustee in securities of the kind hereinabove specifically set forth as those in which the Trustee shall have power to invest the trust funds, which said investments shall be added to the principal of the trust and become a part thereof." Provision is made for the payment of the income, after the petitioner's death, to her husband and their issue until the youngest child reaches the age of 25, when the principal is to be distributed to her husband, if not remarried, and to her issue and the survivors of her issue. Petitioner was born September 7, 1891, and is unmarried and without issue. In the event petitioner dies *183 without leaving a husband or issue surviving, the corpus is to be paid to her sister, Frieda H. Jacobs, and if deceased, to her issue. Frieda H. Jacobs is living, and is the mother of four living children ranging in age from 19 to 29. The trust agreement also contains the following pertinent provision: "8. If at any time it is necessary for the purpose of meeting an emergency to use any part of the principal of the trust for the use and benefit of the Grantor, or for any of her issue, the Trustee is in its sole discretion authorized and empowered so to do, and it shall be the sole judge as to whether or not such emergency exists." The taxable income from the trust estate amounted to $25,496.58 in 1938; $27,348.85 in 1940; and $26,056.02 in 1941. Under paragraph 3 (a), supra, the trustee made the following payments to petitioner out of current net income: 1938, $5,900.40; 1940, $6,912.74; and 1941, $8,652.72. The balance of the net income was added to principal. The trustee did not distribute any part of the principal to petitioner in the taxable years in question. Under paragraph 8, the trustee for the purpose of meeting any "emergency" is authorized and empowered "to use any *184 part of the principal of the trust for the use and benefit of the Grantor". Under paragraph 3 (b), quoted supra, accumulated income was to be added to corpus. This provision, aside from any other, brings the trust squarely within the provisions of section 166 (2) of the Revenue Act of 1938 and the Internal Revenue Code, [1] unless the trustee has a substantial adverse interest. The only argument made by the petitioner is that the trustee, being a bank, had a substantial adverse interest. The only interest of the trustee is the right to receive its stipulated compensation for acting as trustee. Such interest has been authoritatively held not to be a substantial adverse interest within the purview of the taxing statute. ; . In case of an emergency, and under the provisions of paragraph 8, quoted supra, the trustee was the sole judge as to whether an "emergency" existed. All the corpus, which was to include accumulated income under paragraph 3 (b) of the trust, could be used for the "use and benefit" of petitioner. That no part of the corpus was so used in the taxable years is unimportant. *185 The entire corpus could have been utilized for petitioner's use and benefit. Thus the entire income is taxable to her under section 166. ; ; certiorari denied, ; . The respondent also contends the entire income is taxable to petitioner under sections 167 and 22 (a). Since the income is so clearly taxable to petitioner under section 166, it is unnecessary to determine the applicability of those other sections. Decision will be entered for the respondent. Footnotes
1. Sections 166 of the Revenue Act of 1938 and the Internal Revenue Code are identical. SEC. 166. REVOCABLE TRUSTS. Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested - * * * * *
(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust shall be included in computing the net income of the grantor.↩